# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:11cv48

| | |
|---|---|
| **RAYMOND EUGENE PUSZ,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Memorandum and** |
| ) | **Recommendation** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, Plaintiff's Motion for Summary Judgment [# 11], and the Commissioner's Motion for Summary Judgment [# 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the Commissioner's decision.

I.  **Procedural History**

Plaintiff filed an application for disability benefits on August 7, 2007. (Transcript of Administrative Record ("T.") 100-104.)  Plaintiff alleged that he became disabled beginning December 31, 1990.  (T. 102.)  The Social Security Administration denied Plaintiff's claim, finding that he was not disabled.  (T. 77-80.)  Plaintiff requested reconsideration of the decision, which was also denied. (T. 81-83.)  A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 48-74.)   The ALJ issued a decision finding Plaintiff was not disabled.  (T. 14-20.)  The Appeals Council denied Plaintiff's request for review of the decision.  (T. 1-3.)  Plaintiff then brought this action seeking review of the Commissioner's decision.

II.  **Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his August 13, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 20.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on September 30, 1992.

(2) The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 1990 through his date last insured of September 30, 1992 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c)).

(4) The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 1990, the alleged onset date, through September 30, 1992, the date last insured (20 CFR 404.1520(c)).

(T. 16-19.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but,

rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

V.     Analysis[1]

The ALJ's determination as to whether an impairment is severe or not is a threshold determination.  See 20 C.F.R. § 404.1520(c).  A claimant, however, has the burden of establishing the existence of an impairment.  20 CFR § 404.1512. An impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms."  20 C.F.R. § 404.1508.  "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment."  SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996).

At step two of the five step evaluation process, the ALJ found that Plaintiff had no severe impairments from the alleged onset date of December 31, 1990, through September 30, 1992, his date last insured.  (T. 16-19.)  As a result, the ALJ terminated the inquiry at step two because he found that there was no objective

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

medical evidence supporting the existence of a medically determinable impairment. (T. 16.) Plaintiff contends that the ALJ erred in reaching this determination. Specifically, Plaintiff contends that the medical evidence, and in particular the opinion of Plaintiff's treating physician, demonstrates that Plaintiff suffered from posttraumatic stress disorder ("PTSD") during the relevant time period. (Pl.'s Mot. Summ. J. p. 11-14.) Upon a review of the decision of the ALJ and the record, the Court finds that the decision of the ALJ is supported by substantial evidence in the record.

Plaintiff was not diagnosed with PTSD until 2003 when he reported to the emergency room with worsening symptoms, including depression, anxiousness, and nightmares about violent events. (T. 17, 52, 399, 289-291.) As counsel for Plaintiff admitted during the hearing, Plaintiff did not seek treatment for his PTSD until 2003. (T. 52.) As a result, and as the ALJ correctly pointed out in his decision, the record is devoid of any medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment during the relevant time period.

Although Plaintiff's treating physician, Dr. Gergel, opined that Plaintiff was disabled during the relevant time period (T. 288), such decisions are reserved for the Commissioner. 20 C.F.R. § 404.1527(e). Moreover, Dr. Gergel did not begin

treating Plaintiff until 2004, and there are no medical records supporting his opinion. Dr. Gergel's determination that Plaintiff suffered from impairments stemming from his PTSD since December 31, 1990 (T. 395), like his assessment that Plaintiff was disabled during the relevant time period, appears to be based entirely on Plaintiff's subjective complaints of symptoms made over a decade after the date last insured. (see e.g. T. 285, 288). Because the opinion of Dr. Gergel was not well supported by medically acceptable clinical and laboratory diagnostic techniques, the ALJ was free to accord it little or no weight. 20 C.F.R. § 404.1527(d)(2); Craig, 76 F.3d at 590 ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."); Mastro, 270 F.3d at 178. Accordingly, the ALJ did not err in weighing in the medical opinion testimony, and the Court finds that the decision of the ALJ that Plaintiff did not suffer a severe impairment during the relevant time period was supported by substantial evidence in the record. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the Commissioner's decision.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the

Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the Commissioner's decision.

Signed: December 26, 2012

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).