THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:11-cv-00048-MR-DLH

| | |
|---|---|
| **RAYMOND EUGENE PUSZ,** )<br> )<br>　　　　　　　**Plaintiff,** )<br> )<br>　　vs.　　　　　　　　　 )<br> )<br> )<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social Security,** )<br> )<br>　　　　　　　**Defendant.** )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11]; the Defendant's Motion for Summary Judgment [Doc. 14]; the Magistrate Judge's Memorandum and Recommendation [Doc. 16] regarding the disposition of those motions; and the Plaintiff's Objection [Doc. 17] to the Memorandum and Recommendation.

**I.　PROCEDURAL BACKGROUND**

The Plaintiff Raymond Pusz filed an application for disability insurance benefits on August 7, 2007, alleging that he had become disabled as of December 31, 1990, due to post-traumatic stress disorder

("PTSD"), a ruptured disc in the neck, and degenerative disc disease, [Transcript ("T.") at 100-04, 120], which pre-dated his date last insured of September 30, 1992. [T.14]. The Plaintiff's application was denied initially and on reconsideration. [T. 75, 77-80, 81-84]. Upon the Plaintiff's request for a rehearing, a hearing was held before an Administrative Law Judge ("ALJ") on May 6, 2010. [T. 48-74]. On August 13, 2010, the ALJ issued a decision denying the Plaintiff benefits. [T. 11-23]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-6].

The Plaintiff filed the present civil action on November 8, 2011. [Doc. 1]. After submitting the administrative record [Doc. 7], the parties filed their respective motions for summary judgment [Docs. 11, 14]. Pursuant to 28 U.S.C. § 636(b) and the standing Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the motions pending in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On December 28, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 16] in this case containing proposed findings of fact and conclusions of law in support of a recommendation regarding

2

the motions [Docs. 11 and 14]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff filed a timely Objection to the Memorandum and Recommendation on January 14, 2013. [Doc. 17]. After receiving an extension of time to do so, the Defendant replied to the Plaintiff's Objection on February 6, 2013. [Doc. 19]. This matter therefore is ripe for disposition.

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be

3

established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

In objecting to the Memorandum and Recommendation, the Plaintiff relies principally on the recent decision of the Fourth Circuit Court of Appeals in Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012).[1] [Doc. 17].

In Bird, the plaintiff was a veteran who claimed to suffer PTSD as a result of his combat experience in Vietnam. Id. at 339. Bird applied for Social Security disability benefits on December 19, 2006, alleging that he

---

[1] The Bird decision was decided on November 9, 2012, after the briefing in the present case had already closed. Neither party submitted supplemental briefs addressing this supplemental authority, and therefore, the applicability of Bird was not presented to the Magistrate Judge for his consideration.

4

was disabled by PTSD as of January 1, 2001. Id. at 340. The last date Bird was insured for purposes of qualifying for Social Security benefits (i.e., his "date last insured" or "DLI") was March 31, 2005. Id. at 339. Bird's Social Security claim was denied initially and upon reconsideration. Id. at 340. At Bird's request, a hearing was held before an ALJ in April 2009. Id. The ALJ also denied Bird benefits, reasoning that although Bird suffered from PTSD prior to his date last insured, his impairment was not sufficiently severe to render him disabled. Id. In reaching this conclusion, the ALJ specifically relied on the lack of medical evidence from the period prior to his DLI, as well as the fact that a Veterans Administration ("VA") rating decision finding him 100% disabled due to PTSD became effective only in June 2006, 15 months after Bird's DLI. Id. The ALJ also assigned little weight to a psychological report from July 2007 ("the Cole Report") because "it failed to reflect Bird's pre-DLI condition." Id.

On appeal, the Fourth Circuit concluded that the ALJ made two fundamental errors of law. First, the Court concluded that the ALJ failed to give retrospective consideration to the medical evidence created after Bird's DLI, noting that "post-DLI medical evidence generally is admissible in a SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." Id. at

5

341. Second, the Court concluded that the ALJ failed to give an appropriate amount of weight to the VA disability rating:

> The VA rating decision reached in Bird's resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of Bird's medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating.

Id. at 343. Noting, however, that because the SSA uses its own standards for evaluating a claim of disability, and because the effective date of coverage for a disability may vary, the Court recognized that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

In the present case, the ALJ determined that the Plaintiff was not disabled, as there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (namely, PTSD) during the relevant time period, that is, between the date of alleged onset of disability (December 1990) and the Plaintiff's DLI (September 1992).

6

Here, as in Bird, the Plaintiff has presented significant post-DLI medical evidence which could "permit an inference of linkage" with the Plaintiff's pre-DLI condition. The Plaintiff's treating physician, Dr. Gergel, noted that "[t]he medical record . . . shows clearly that [the Plaintiff] was severely impaired emotionally prior to 9/30/1992, and that those impairments rendered him unable to continue employment. He continues to be too disabled to obtain and maintain any kind of fulltime gainful employment. It is highly unlikely that he will improve to the point that he could resume fulltime work." [T. 288]. The consultative examiner agreed with this assessment, noting: "The results of this evaluation revealed that [the Plaintiff] has suffered with the effects of PTSD since his service in Vietnam." [T. 260]. Similarly, the VA rating decision summarizes the medical evidence and concludes that a relationship was established between the Plaintiff's current symptoms and the stressors from his injuries while serving in Vietnam:

> The evidence evaluated shows that you were injured when you stepped upon a booby trap, resulting in injury to your left foot in September 1969, and in January 1970 you were in an explosion that resulted in the loss of your two upper front teeth. *The stressor for your posttraumatic stress disorder has been conceded from your injuries while in the Republic of Vietnam.* Treatment reports show that your [sic] were diagnosed with posttraumatic

7

>           stress disorder in June 2003, at a VAMC – Durham
>           . . . *A clear diagnosis of post traumatic stress
>           disorder, with credible supporting evidence has
>           been conceded, and a relationship was established
>           by medical evidence between your current
>           symptoms and the claimed in-service stressor.*

[T. 399-400 (emphasis added)].

The ALJ failed to give appropriate retrospective consideration to this medical evidence as required by Bird.  Further, the ALJ failed to afford significant weight to the VA rating decision or explain why the giving of less weight to this decision would be appropriate.  For these reasons, the Court reverses the decision of the Commissioner and remands this case for further proceedings.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection [Doc. 17] is **SUSTAINED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 16] is **REJECTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying him disability benefits.  To

8

the extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 11] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: February 11, 2013

Martin Reidinger
United States District Judge