# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-cv-00048-MR-DLH

| | |
|---|---|
| RAYMOND EUGENE PUSZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act [Doc. 22].

## I.   PROCEDURAL BACKGROUND

The Plaintiff Raymond Pusz filed an application for disability insurance benefits on August 7, 2007, alleging that he had become disabled as of December 31, 1990, due to post-traumatic stress disorder ("PTSD"), a ruptured disc in the neck, and degenerative disc disease. [Transcript ("T.") at 100-04, 120]. The Plaintiff's application was denied initially and on reconsideration. [T. 75, 77-80, 81-84]. Upon the Plaintiff's request for a rehearing, a hearing was held before an Administrative Law

Judge ("ALJ") on May 6, 2010. [T. 48-74]. On August 13, 2010, the ALJ issued a decision denying the Plaintiff benefits. [T. 11-23]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-6].

The Plaintiff filed the present civil action on November 8, 2011. [Doc. 1]. After submitting the administrative record [Doc. 7], the parties filed their respective motions for summary judgment [Docs. 11, 14]. Pursuant to 28 U.S.C. § 636(b) and the standing Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the motions pending in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On December 28, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 16] in this case containing proposed findings of fact and conclusions of law in support of a recommendation that the Commissioner's decision be affirmed. The Plaintiff filed a timely Objection to the Memorandum and Recommendation on January 14, 2013. [Doc. 17]. After receiving an extension of time to do so, the Defendant replied to the Plaintiff's Objection on February 6, 2013. [Doc. 19].

On February 11, 2013, the Court entered an Order rejecting the Memorandum and Recommendation and remanding this case for further proceedings. [Doc. 20]. On April 17, 2013, the Plaintiff filed the present motion seeking an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). [Doc. 22]. After receiving an extension of time to do so, the Commissioner filed her opposition to the Plaintiff's Motion on May 14, 2013. [Doc. 24].

## II. DISCUSSION

Under the EAJA, the Court must award attorney's fees to a prevailing party in a Social Security action unless the Court finds that the Commissioner's position "was substantially justified." 28 U.S.C. § 2412(d)(1)(A).[1] A claimant is not entitled to an award of attorney's fees merely because the Commissioner's decision was reversed due to a lack of substantial evidence. See Strong v. Comm'r of Soc. Sec. Admin., 461 F. App'x 299, 300 (4th Cir. 2012); see also Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991) ("the [Commissioner] is not automatically liable for attorney's fees every time [she] loses the case"). The Commissioner's

---

[1] Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

3

position may be considered substantially justified as long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 559 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In determining whether the Commissioner's position was substantially justified, the Court must consider "the totality of the circumstances." Strong, 461 F. App'x at 300 (quoting Hyatt v. Barnhart, 315 F.3d 239, 244-45 (4th Cir. 2002)). The burden is on the Commissioner to prove that her litigation position was substantially justified. Crawford, 935 F.2d at 658.

In remanding this case for further proceedings, the Court relied principally on Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012), which promulgated new authority relevant to this case. Bird was decided on November 9, 2012, after the briefing in the present case had already closed but prior to the entry of the Memorandum and Recommendation. The Fourth Circuit has recognized that the Commissioner's defense of an agency decision is substantially justified when the remand was necessitated by a contemporaneous development in Circuit authority. Crawford, 935 F.2d at 657-59. In Crawford, the Fourth Circuit affirmed a district court's determination that the Commissioner was substantially justified when the Fourth Circuit had issued a decision

4

adverse to the Commissioner's decision just twelve days prior to the filing of the Commissioner's answer and motion for summary judgment and the claimant had not mentioned the new authority in its pleadings. Id. at 658-59. Similarly, in the present case, the Commissioner's final decision and initial briefing were completed before the Fourth Circuit issued its decision in Bird, and the Plaintiff did not raise this new authority until after the Memorandum and Recommendation had already been entered.

Because the remand of this case was primarily due to a subsequent development in Circuit authority, the Court concludes that the Commissioner's litigation position was substantially justified, and therefore, the Plaintiff's request for an award of attorney's fees under the EAJA is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act [Doc. 22] is **DENIED**.

**IT IS SO ORDERED.**  Signed: May 30, 2013

Martin Reidinger
United States District Judge

5